VIDEKOVICH, Respondent, vs. VALEK, Appellant.

*November 9—December 5, 1950.*

For the appellant there was a brief by *Sydney M. Eisenberg* and *I. B. Shapiro,* both of Milwaukee, and oral argument by *Mr. Eisenberg.*

For the respondent there was a brief by *Rubin & Ruppa,* attorneys, and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

HUGHES, J. The case was submitted to the jury upon a general verdict, and the evidence warrants the finding for the respondent. Appellant contends, however, that she is entitled to a new trial upon the ground that the award of the jury is excessive. She cites no authorities upon this point, and it would appear self-evident that if the husband were worth enticing away from respondent, appellant should not be heard to say that he could not have been worth $2,000 to the respondent.

It is next contended that respondent entrapped appellant by knowingly encouraging her to associate with the husband, and that the damages to respondent should be mitigated. The acquaintance of the parties extended over several years. Appellant worked in a shop as a drill or press-punch operator and was induced by Mr. and Mrs. Videkovich to advance loans from time to time to enable them to engage in business. Appellant lived with them for a time and because of this counsel contends that respondent connived to bring about the situation which developed.

Inferences could have been drawn either way from the record. It was within the jury's province to determine whether respondent was encouraging appellant's association with her husband for personal financial gain, or whether appellant in the role of friend to both was guilty of treachery toward respondent. The determination of the jury is final as to the issues in this case.

The damages awarded are not excessive and the verdict does not appear in any other respect to be the result of prejudice.

*By the Court.*—Judgment affirmed.